UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSE HERNANDEZ, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                                                                    **COMPLAINT**

                           Plaintiff,                      **Docket No.:**

          -against-                     Jury Trial Demanded

EL BANDIDO RESTAURANT INC., d/b/a EL
BANDIDO MEXICAN RESTAURANT & LOUNGE,
and ESTATE OF SANTIAGO M. TELLO, individually,
and ANGELICA TELLO, individually,

                             Defendants.
------------------------------------------------------------------------X

      JOSE HERNANDEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against EL BANDIDO RESTAURANT INC., d/b/a EL BANDIDO MEXICAN RESTAURANT & LOUNGE ("El Bandido"), and ESTATE OF SANTIAGO M. TELLO, individually ("Santiago"), and ANGELICA TELLO, individually ("Angelica"), (collectively, where appropriate, as "Defendants"),[1] alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

---

[1] Unless otherwise indicated, all references in this Complaint to "Santiago," either on his own, or collectively with El Bandido and Angelica as "Defendants," all of which occurred prior to Santiago's death, refer to Santiago himself, and not to his estate.

**NATURE OF THE CASE**

1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1); 12 NYCRR § 146-1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652; 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (vi) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New York corporation that operates a Rockland County-based restaurant and its owners, one of whom is now deceased, each of whom, at the different times detailed below, were and/or are responsible for making significant personnel-related decisions - - from 1996 to December 13, 2020, working as a waiter from 2001 until the end of his employment. As described below, as is relevant herein, for at least the six-year period pre-dating the commencement of this action, plus any applicable tolling period pursuant to Governor Andrew M. Cuomo's Executive Orders, until the end of Plaintiff's employment ("the Relevant Period"), Defendants failed to pay Plaintiff the overtime wages required under the FLSA and the NYLL or the minimum wages due under the NYLL. Specifically, throughout that time, Defendants routinely required Plaintiff to work, and Plaintiff

did work, in excess of forty hours per week, but Defendants failed to pay Plaintiff at the statutorily-required overtime rate for those hours, and instead paid Plaintiff at his regular rate of pay, which fell below the NYLL's minimum wage rate, for all hours worked.

3. Defendants further violated the NYLL and the NYCRR by failing to: pay Plaintiff an additional hour's pay, at the minimum wage rate, for all days during which his spread of hours worked exceeded ten; provide Plaintiff with any wage notice at the time of his hire, let alone an accurate one; and provide Plaintiff with any wage statement on each payday, let alone an accurate statement.

4. Defendants paid and treated all of their non-managerial front of the house employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

**PARTIES**

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant El Bandido was and is a New York corporation with its principal place of business located at 196 Route 59, Spring Valley, New York 10977.

10. At all relevant times prior to his death, Santiago was an owner of Defendant El Bandido. In this role, Santiago was responsible for overseeing all of the day-to-day operations of the business and was ultimately responsible for: all matters with respect to determining all employees' rates and methods of pay and hours worked; distributing work duties; hiring, firing, and approving all personnel decisions with respect to all employees; and maintaining employment records. Santiago died on April 6, 2018, and his estate was created on April 4, 2019, through an order of New Jersey's Bergen County Surrogate's Court.

11. At all relevant times, Angelica, Santiago's wife, was and is an owner of Defendant El Bandido. At all times after Santiago's death, Angelica was and is responsible for overseeing all of the day-to-day operations of the business and was and is ultimately responsible for: all matters with respect to determining all employees' rates and methods of pay and hours worked; distributing work duties; hiring, firing, and approving all personnel decisions with respect to all employees; and maintaining employment records.

12. At all relevant times herein, all Defendants were and/or are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, El Bandido's qualifying annual business exceeded and exceeds $500,000, and El Bandido was and is engaged in interstate commerce within the meaning of the FLSA, as it has employed and

employs two or more employees, has operated a business that serves and sells to customers food and alcohol obtained from outside of New York, and accepts payment in cash that naturally moves across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects El Bandido to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, as well as on behalf of those in the following collective:

> Current and former non-managerial front of the house employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who give consent to file a claim to recover damages for unpaid overtime compensation and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours that they worked per workweek in excess of forty.

15. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully

and willfully chose and continue to choose not to do so. Specifically, throughout the Relevant Period, Plaintiff repeatedly addressed his concerns regarding Defendants' failure to pay him for his overtime hours worked in accordance with the law to Santiago directly, yet Defendants continued to violate the FLSA by requiring him to work over forty hours in a week without paying him overtime.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17. Defendant El Bandido is a New York corporation that operates a Rockland County-based restaurant and lounge located at 196 Route 59, Spring Valley, New York.

18. At the applicable times outlined above, El Bandido's owners, Santiago and Angelica, were and/or are jointly responsible for making all significant personnel-related decisions with respect to the restaurant, in that they were and/or are responsible for all matters with respect to hiring, firing, and disciplining employees, distributing work duties, as well as determining all employees' rates and methods of pay and hours worked, and maintaining employment records, including all of those matters with respect to Plaintiff.

19. Plaintiff worked for Defendants from 1996 to December 13, 2020, most recently as a non-managerial waiter from in or around 2001 until the end of his employment. As his title suggests, Plaintiff worked in the front of the house, and his duties involved taking orders from customers, serving them food and drinks, and cleaning tables.

20. At no point during Plaintiff's employment, either upon his hire or at any time thereafter, did Defendants provide Plaintiff with written notice of their intention to claim a tip credit against Plaintiff's wages.

21. Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did generally work, six days per week, Friday to Wednesday, with Thursday off, with each shift being a split-shift from 11:00 a.m. to 3:00 p.m., and then 6:00 p.m. to 12:00 a.m., for a total of sixty hours per week.

22. In exchange for his work, Defendants paid Hernandez on an hourly basis at the following rates: $4.35 from the start of the Relevant Period through December 2015; $7.50 from January 1, 2016 through December 2018; and $8.00 from January 2019 through the end of his employment. Defendants paid Plaintiff at his hourly rate for all hours that he worked in a week, even those hours that Plaintiff worked in a week over forty.

23. By way of example only, for the week of November 3 through November 9, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule:

Sunday, November 3, 2019: 11:00 a.m. until 3:00 p.m. and then from 6:00 p.m. until 12:00 a.m.;

Monday, November 4, 2019: 11:00 a.m. until 3:00 p.m. and then from 6:00 p.m. until 12:00 a.m.;

Tuesday, November 5, 2019: 11:00 a.m. until 3:00 p.m. and then from 6:00 p.m. until 12:00 a.m.;

Wednesday, November 6, 2019: 11:00 a.m. until 3:00 p.m. and then from 6:00 p.m. until 12:00 a.m.;

Thursday, November 7, 2019: off;

>Friday, November 8, 2019: 11:00 a.m. until 3:00 p.m. and then from 6:00 p.m. until 12:00 a.m.; and

>Saturday, November 9, 2019: 11:00 a.m. until 3:00 p.m. and then from 6:00 p.m. until 12:00 a.m.

Accordingly, Plaintiff worked a total of sixty hours during this week. In exchange for his work, Defendants paid Plaintiff at his regular hourly rate of $8.00 for all hours of work, including the twenty hours that he worked in excess of forty that week

24. Further, throughout the Relevant Period, Defendants required Plaintiff to work split shifts that exceeded ten hours from start to finish, including six days during the week as described in the paragraph above, yet for those days failed to pay him an additional hour's pay at the applicable minimum wage rate.

25. Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that that accurately contained, *inter alia*: Plaintiff's regular and overtime rates of pay and any allowances claimed, including, specifically, allowances for claiming a tip credit to reduce his hourly wages below the statutory minimum rate.

26. Throughout the Relevant Period, Defendants paid Plaintiff by check on a weekly basis.

27. On each occasion when Defendants paid Plaintiff during the Relevant Period, Defendants failed to provide him with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked for that week his regular and overtime rates of pay for every hour that he worked, and his spread-of-hours wages owed.

28. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

29. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

30. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

31. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

34. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

35. Defendants willfully violated the FLSA.

36. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

37. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCRR*

38. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

40. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

41. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

42. Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rates of pay, or one and one-half times the minimum wage rate, if greater.

43. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

44. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

46. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

47. As also described above, Defendants did not compensate Plaintiff and any FLSA Plaintiff who opts into this action, at the minimum hourly rate the NYLL and the NYCRR require for all hours worked.

48. At the least, Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

49. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirements*

50. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 652 and 12 NYCRR § 146-1.6 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

52. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

53. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

54. Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

55. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

56. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

58. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

59. As also described above, Defendants, at the time of hire, failed to provide Plaintiff and any FLSA Plaintiff who opts into this action, with any wage notice, let alone one that accurately contained all of the criteria that the NYLL requires.

60. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

61. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 195(3) requires that employers provide employees with a wage statement on each payday containing accurate, specifically enumerated criteria.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

64. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action, with any wage statement, let alone one that accurately contained all of the criteria that the NYLL requires.

65. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

## DEMAND FOR A JURY TRIAL

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   February 2, 2022

                   Respectfully submitted,

                   BORRELLI & ASSOCIATES, P.L.L.C.
                   *Attorneys for Plaintiff*
                   910 Franklin Avenue, Suite 200
                   Garden City, New York 11530
                   Tel. (516) 248-5550
                   Fax. (516) 248-6027

           By: *Danielle Petretta*
                   DANIELLE PETRETTA (DP 5566328)
                   ALEXANDER T. COLEMAN (AC 1717)
                   MICHAEL J. BORRELLI (MB 8533)